**JOHN L. BURRIS, Esq. SBN 69888**
**BEN NISENBAUM, Esq. SBN 222173**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNICE EVANS, individually and as Successor in Interest to Decedent ANGEL RAMOS; and D.W., by and through his Guardian Ad Litem, CARITA WILSON<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; a municipal corporation; ZACK JACOBSEN, Police Officer for the City of Vallejo; and DOES 1-50, individually and in their official capacities as Police Officers for the City of Vallejo, inclusive.<br><br>Defendants. | CASE NO.: 2:17-cv-01619-TLN-AC<br><br>FIRST AMENDED COMPLAINT |

## INTRODUCTION

1. In the late-night hours of January 23, 2017, Alicia Saddler, Phillip Wilson-Vaughn, LeAnn Sanchez, Dante Ramos, Darcel Lewis, minors G.W., minor Plaintiff D.W., and Decedent Angel Ramos were at the home of Plaintiff Annice Evans, having a family

gathering. A dispute erupted amongst the family members, prompting someone to call Vallejo Police Department. When Defendant Zach Jacobsen and other Vallejo Police Officers arrived, the family members were still arguing, but no one was in want or need of police assistance. Multiple Vallejo Police Officers came through the backyard and up the stairs leading to the dimly lit second floor deck, where Alicia Saddler, Phillip Wilson-Vaughn, Decedent Angel Ramos and D.W. were located. Just inside the back door were LeAnn Sanchez, G.W., and Dante Ramos. Darcel Lewis was located on the ground floor.

2. Without cause or warning, yet-to-be-identified Vallejo Police Officers tased Saddler, Wilson-Vaughn and D.W., and opened fire on Angel Ramos. Decedent Angel Ramos, an unarmed man, was shot several times in the chest and torso and died on the scene. Decedent Angel Ramos' dying body fell on top of D.W. Then, to add insult to egregious injury, Alicia Saddler was arrested as her brother lay dying next to her. Tellingly Ms. Saddler was never charged with any crime. All of the family members were taken to the Vallejo Police Department and treated like criminals, until finally being released hours later.

3. In a press release, the Vallejo Police Department claimed that Decedent Angel Ramos was armed with a knife and actively trying to stab D.W., when Defendant Jacobsen opened fire. However, Plaintiff D.W., the purported victim, vehemently denies the City's outright lies.

4. According to Vallejo Police Department officials, Defendant Vallejo Police Officer Zach Jacobsen was standing on the ground level, and shot up at Decedent Angel Ramos, who was standing on the dimly lit second floor deck. Despite Defendant Jacobsen's poor vantage point behind a tree, limited view of the dimly lit second floor deck, and no deadly threat, he inexplicably opened fire, just feet away from small children and at least ten (10) people in harm's way.

5. This action seeks to recover damages for the violation of Mr. Ramos' rights, the rights of his mother, Ms. Annice Evans. Mr. Ramos never had any children and his father predeceased him making Ms. Evans his only surviving parent and heir.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

7. Plaintiff ANNICE EVANS (hereinafter referred to as "EVANS") is at all times mentioned herein a natural person. Plaintiff is acting in her individual capacity and as Successor-in-interest and biological mother of Decedent, ANGEL RAMOS. Plaintiff EVANS is a person with standing to bring the action pursuant to California Code of Civil Procedure 377.30 and 377.60 and California Probate Code 6402. Decedent, ANGEL RAMOS, was not married at the time of his death, did not have children and died without leaving a will. Decedent RAMOS' biological father is deceased.

8. Plaintiff D.W. (hereinafter referred to as "D.W.") is at all times mentioned herein a minor child. D.W. sues in his individual capacity, by through his Guardian Ad Litem CARITA WILSON.

9. Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD").

10. Defendant ZACH JACOBSEN, (hereinafter "JACOBSEN") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City of Vallejo.

11. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend their complaint subject to further discovery.

12. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with VPD.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of VPD.

13. For state law causes of action related to Federal claims, Plaintiffs are required to comply with Administrative claim filing requirements under California law. On April 25, 2017, Plaintiffs filed a Government Tort Claim with the VPD, notifying VPD of Plaintiff's claims for damages. Defendant did not accept nor reject Plaintiffs claims, however, the statutory waiting period expired on prior to the filing of the Complaint herein.

## STATEMENT OF FACTS

14. In the early morning hours of January 23th, 2017, Alicia Saddler, Dante Ramos, Leann Sanchez, Phillip Wilson-Vaughn, Darcel Lewis, Plaintiff D.W. and G.W., were having a family gathering, located at 1722 Sacramento Street, in Vallejo, California. The family was involved in family argument, prompting someone to call the police.

15. The Vallejo Police Department dispatched officers to the home. When Defendant Zach Jacobsen and other City of Vallejo Police Officers arrived, the family members were still arguing, but no one was in need or want of police assistance and all of the family members were unarmed.

16. Several officers came through the back yard and up the stairs leading to the second floor deck area where Alicia Saddler, Philip Wilson-Vaughn, D.W., and Decedent Angel Ramos were located. Dante Ramos, G.W., and LeAnn Sanchez were standing in the back doorway, directly behind Angel Ramos. Darcel Lewis was on the ground floor facing Defendant Jacobsen.

17. Without cause or warning, yet-to-be-identified Vallejo Police Officers tased Alicia Saddler, Philip Wilson-Vaughn and D.W. and commanded them to lay on the ground. Angel Ramos was standing on the deck, unarmed and directly next to D.W.

18. According to officials at the Vallejo Police Department, Defendant Jacobsen was standing on the ground level, while the incident was occuring above him on the second floor deck. Despite Officer Jacobsen's poor vantage point and dimly lit, limited view of the scene from behind a tree, he inexplicably and recklessly shot up into the deck, which was occupied by at least 10 (ten) people, including a small child.

19. Angel Ramos was shot in the chest multiple times, while unarmed. Angel Ramos' dying body fell onto D.W. Angel Ramos died from mulitple gunshot wounds, leaving behind a grieving mother and numerous traumatized siblings.

20. After the shooting, the Vallejo Police Department issued a press release claiming Angel Ramos was armed with a knife and in the process of trying to stab D.W., at the moment they shot him. However, the purported victim, D.W., steadfastly denies the offical version of the events and reports that Angel Ramos was clearly and obviously unarmed when Officer Jacobsen inexplicably opened fire.  The CITY's official versions of the event are belied by the inciden scene, physical evidence, placement of Decedent's injury and physics.

21. While numerous Defendant Officers were wearing lapel cameras, inexplicably none of the lapel cameras captured the shooting. Officer Jacobsen's lapel camera was suspiciously not turned on during this incident.

22. In the months following the shooting, the family of Angel Ramos has been harassed by yet-to-be-identified members of the Vallejo Police Department, including officers stopping in front of the family home on multiple occasions shining their flood lights into the windows. During a May 2017 incident, a man who claimed to be a Vallejo Police Officer accosted Plaintiff Saddler at a nightclub in Suisun. The man warned Ms. Saddler that she and her family needed to quit pursuing legal actions related to the death of Angel Ramos

23. Plaintiffs are informed and believe and thereon allege that VPD and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers JACOBSEN, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officer JACOBSEN and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture,

policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendant JACOBSEN, and DOES 1-25 inclusive, misconduct.

24. Plaintiffs are informed, believe and thereon allege that the CITY is on notice of Defendant JACOBSEN's history of excessive force, evidenced by his pending Federal litigation related to another excessive force incident, wherein a mentally ill person was abused and injured. (See Brooks v. City of Vallejo; 2:16-cv-0237).

25. Plaintiffs are informed, believes and thereon alleges that the VALLEJO Police Department has a long history of failing to discipline officers involved in misconduct; excessive force; and unwarranted shooting deaths, and not only fails to discipline said officers, but has actually promoted one of these said officers, despite being accused of multiple gross constitutional violations, including excessive force and multiple wrongful deaths.

26. Plaintiffs are informed, believes and thereon alleges that CITY and DOES 26-50 were aware of the constitutional defects in their training, discipline and response to citizen complaints.

27. Plaintiffs are informed, believes and thereon alleges that members of the Vallejo Department, including, but not limited to Defendant Officers JACOBSEN and DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Decedent and D.W.

28. Plaintiffs are further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Vallejo, VPD has allowed persons to be abused by its Police Officers including Defendant Officers JACOBSEN and DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

29. Plaintiff are informed, believe and therein allege that VPD Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens. In each and every one of the shooting cases wherein a person died as a result of the Officers' use of deadly force, VPD has found the Officer used deadly force within policy even under the most questionable of circumstances.  VPD's failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of VPD's failure to properly supervise its Police Officers and ratify their unconstitutional conduct.

30. Plaintiffs are informed, believe and therein allege that CITY knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

31. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs are informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

32. Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment.

33. Plaintiff D.W. was physically and emotionally injured as a result of being tased without cause.

34. Plaintiff EVANS is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

35. Plaintiff EVANS, as Successor in interest to Angel Ramos is entitled to recover damages pursuant to the decedent's right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

36. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiff under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§§§ 1983 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution
(42 U.S.C. §1983)**
(Plaintiffs EVANS, as Successor-in-Interest to Decedent Angel Ramos; and D.W. v. Defendants JACOBSEN and DOES 1-25 inclusive)

37. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 36 of this complaint.

38. Defendants' above-described conduct violated Plaintiff D.W.'s constitutional rights to be free from excessive and/or arbitrary and/or unreasonable use of force when Defendants tased Plaintiff without cause or warning. Defendants' unconstitutional conduct caused Plaintiff unwarranted pain and suffering.

39. Defendants' above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

40. Angel Ramos was forced to endure great conscious pain and suffering because of the

Defendants' conduct before his death;

41. Angel Ramos did not file a legal action before his death;

42. Plaintiff EVANS, is the sole successor in interest of Angel Ramos claims damages for the conscious pain and suffering incurred by Angel Ramos, as provided for under 42 U.S.C. §1983.

43. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiff's Civil Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**
(Plaintiff EVANS v. Defendants JACOBSEN and DOES 1-25 inclusive)

44. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint as though fully set forth;

45. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise to deprive Plaintiff of her right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Monell – 42 U.S.C. section 1983)**
(Plaintiff ANNICE EVANS, as Successor-in-Interest to Decedent Angel Ramos v. CITY and DOES 26-50)

46. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. Plaintiff is informed and believes and thereon alleges that high-ranking VPD officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts unconstitutional use of deadly force by VPD Officers.

48. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CITY & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by VPD which brought about Officers JACOBSEN, and DOES 1-25 unlawfully shooting Angel Ramos to death.

49. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers JACOBSEN, and DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

50. Plaintiff further alleges that Defendants CITY and DOES 26-50

and/or each of them, were on notice of the Constitutional defects in their training of VPD police officers, including, but not limited to unlawfully using deadly force to make detentions and/or arrests.

51. Plaintiff is further informed and believes and thereon alleges that CITY and DOES 26-50 knew or should have known of Defendant JACOBSEN's and DOES 1-25's history of abuse, but failed to discipline and/or terminate and/or refrain from hiring them.

52. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials, including high ranking CITY supervisors and DOES 26-50, and each of them resulted in the deprivation of Plaintiff and Decedent's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
(Plaintiff ANNICE EVANS, as Successor in interest to Angel Ramos
v. Defendants JACOBSEN and DOES 1-25 inclusive)

53. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. Defendants JACOBSEN and DOES 1-25 inclusive, by and through their respective agents and

employees, proximately caused the death of Decedent Angel Ramos as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

55. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff has sustained pecuniary loss along with the loss of comfort, society, and services of their son in an amount according to proof at trial.

56. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

57. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages against said defendants for the wrongful death of decedent, and the resulting injuries.

   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(Plaintiff ANNICE EVANS, as Successor in interest to Angel Ramos Against Defendants JACOBSEN and DOES 1-25)

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59. Defendants JACOBSEN and DOES 1-25's above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent Angel Ramos' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

   WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## JURY DEMAND

60. Plaintiffs hereby demands a jury trial.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants JACOBSEN and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

7. For cost of suit herein incurred.

Dated: September 13, 2018         THE LAW OFFICES OF JOHN L. BURRIS

                                  /s/ John L. Burris
                                  JOHN L. BURRIS
                                  BEN NISENBAUM
                                  MELISSA C. NOLD
                                  Attorneys for Plaintiffs