UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNICE EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:17-cv-01619 TLN AC<br><br>ORDER |

This matter is before the court on defendants City of Vallejo and Zack Jacobsen's motion to compel (ECF No. 16). The case is before the undersigned pursuant to E.D. Cal. R. 302(c)(1) and 302(c)(21). Having reviewed the briefing, which is in improper form, and the accompanying declarations and exhibits, the court finds that the parties failed to properly meet and confer regarding the dispute at issue. Accordingly, the motion is improperly before the court and the hearing currently set for October 3, 2018 is VACATED pursuant to E.D. Cal. R. 251(b) (discovery motions shall not be heard absent compliance with meet and confer requirement). For the reasons explained more fully below, defendants' motion is DENIED without prejudice.

**I.     Relevant Procedural Background**

Plaintiffs filed their complaint for wrongful death and violations of civil rights on August 3, 2017. ECF No. 1. On November 3, 2017, District Judge Troy L. Nunley issued a scheduling order setting a discovery deadline of November 1, 2018. ECF No. 10. Defendants filed their

1

notice of motion to compel on September 6, 2018.  ECF No. 16.  Defendants seek to compel the depositions of Phillip Wilson-Vaughn, Dante Ramos, Darcel Lewis, Alicia Saddler, G.W. and Leann Sanchez, and to compel responses to discovery by Darcel Lewis.  Id.  In their notice of motion, defendants indicated a joint statement was to be filed.  Id. at 2.  The same date, the parties filed a stipulation dismissing with prejudice plaintiffs Alicia Saddler, Dante Ramos, Leann Santos, Darcel Lewis, and G.W., and allowing for the remaining plaintiffs to file a first amended complaint.  ECF Nos. 16, 19.  Judge Nunley adopted the stipulations by minute order on September 10, 2018.  ECF No. 20.

On September 7, 2018, defendants filed a memorandum in support of their motion to compel.  ECF No. 19.  The memorandum was not submitted as a joint statement.  Id.  The memorandum did not describe any meet and confer efforts.  Id.  Plaintiffs opposed the motion on September 10, 2018.  ECF No. 21.  Plaintiffs' opposition argues a failure to meet and confer.  Id. at 3-4.  Defendants filed a reply on September 21, 2018.  ECF No. 26.  In reply, defendants contend that the parties exchanged emails regarding the status of the depositions at issue, and engaged in one phone call regarding payment of fees related to the cancellation of the depositions of Phillip Wilson-Vaughn and Dante Ramos.  ECF No. 26 at 2.

**II.  Analysis**

A. Legal Standard for Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  If a party does not make a required production, the requesting party may bring a motion before the court pursuant to Fed. R. Civ. P. 37 to compel disclosure.  However, before a party may bring such a motion, the movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention.  Fed R. Civ. P. 37(a)(1).

The burden of ensuring that proper meet and confer discussions take place is on the moving party.  E.D. Cal. R. 251(b).  The rule is clear: "Counsel for the moving party or

1  prospective moving party shall be responsible for arranging the conference, which shall be held at
2  a time and place and in a manner mutually convenient to counsel." Id. (emphasis added). "A
3  court can deny a motion to compel solely because of a party's failure to meet and confer prior to
4  filing the motion." Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); see also,
5  Scheinuck v. Sepulveda, No. C 09–0727 WHA (PR), 2010 WL 5174340, at *1–2, 2010 U.S. Dist.
6  LEXIS 136529, at *3–4 (N.D. Cal. Dec. 15, 2010).

   The obligation to meet and confer is made doubly clear by the Local Rules for the Eastern District of California.  The Local Rules unequivocally state that discovery motions will not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases for those differences in a Joint Statement. LR 251(b).  The sole exceptions to these requirements are "(1) when there has been *a complete and total failure to respond* to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions."  LR 251(e).

   Finally, the undersigned's standing orders, available at http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standing%20Orders.pdf, state in no uncertain terms that meet and confer requirements are strictly enforced.  The standing orders state that "[w]ritten correspondence between the parties, including email, is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b).  Prior to the filing of a Joint Statement, the parties must confer in person or via telephone or video conferencing in an attempt to resolve the dispute."  The parties are responsible for their own awareness of the Federal Rules of Civil Procedure, this court's Local Rules, and the standing orders of the judges before whom they are proceeding.

   B.  Discussion

   It is clear from the face of defendants' motion to compel and reply brief that they did not engage in proper meet and confer efforts.  By defendants' own account, the parties spoke only once about two depositions – this is not only inadequate as to those depositions, but there is no allegation that the parties ever properly met and conferred regarding the defendants' requested discovery or any other requested deposition.  Defendants argument in defense of their process is

that "the Court may excuse the meet and confer requirement where temporal exigencies require speedy action and efforts at informal compromise would be futile," with a citation to a 1998 case from the Western District of New York. ECF No. 26 at 2-3. Even if this case law were binding on this court, which it is not, there is absolutely no indication in this case that "efforts at informal compromise would be futile," and any "temporal exigencies" seem to be caused by defendants' own failure to diligently pursue meet and confer efforts.

Defendants also failed to comply with Local Rule 251(c), which requires motions to compel be brought in the form of a Joint Statement re Discovery Disagreement. Defendants argue that they fall into the exception of Local Rule 251(3), which exempts form the joint statement requirement circumstances where there has been a failure to respond at all to a discovery request or order, because the former plaintiffs are refusing to appear for their depositions. ECF No. 26 at 3. First, this does not address defendants' motion to compel production of documents. Second, this exception in the Local Rules is designed for situations in which a producing party is *entirely* unresponsive to requests – providing only radio silence. It is not to be used when a party is expressly refusing to produce or appear. If that were the case, the exception would swallow the rule; discovery disputes always involve a party that is, at least to some degree, refusing to produce or appear. Because defendants failed to make appropriate attempts to meet and confer, or to comply with the Federal Rules of Civil Procedure or Local Rules of this court, defendants' motion to compel is DENIED.

### III. Conclusion

Based on the foregoing, it is ORDERED that defendants' motion to compel (ECF No. 16) is DENIED without prejudice because defendants fail to satisfy the meet and confer obligations and filing obligations set forth by the Federal Rules of Civil Procedure and the Local Rules of this court.

DATED: September 24, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4