IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

--oOo--

ANNICE EVANS, individually and )
as Successor in Interest to )
Decedent ANGEL RAMOS; DANTE )
RAMOS, in his individual )
capacity; PHILLIP WILSON-VAUGHN,)
in his individual capacity; )
LEANN SANCHEZ, in her individual)
capacity; DARCEL LEWIS, in his )
individual capacity; D.W., by )
and through his Guardian Ad )
Litem, CARITA WILSON; and ALICIA)
SADDLER, individually and as )
Guardian Ad Litem for minor )
G.W., ) CASE NO:
            Plaintiffs, ) 2:17-cv-01619-TLN-AC
   vs. )
                 )
CITY OF VALLEJO; a municipal )
corporation; ZACK JACOBSEN, )
Police Officer for the City of )
Vallejo; and DOES 1-50, )
individually and in their )
official capacities as Police )
Officers for the City of )
Vallejo, inclusive, )
           Defendants. )
_____) CERTIFIED COPY


DEPOSITION OF JARED ZWICKEY

WEDNESDAY, APRIL 24, 2019


REPORTED BY:   ADRIANA P. ROBLES, CSR NO. 14212

1

```
 1                        I N D E X
 2
 3   EXAMINATION BY:                              PAGE
 4   MR. BUELNA                                      6
 5
 6                         --o0o--
 7
     Appearance Page                                 3
 8
     Index of Exhibits                               4
 9
     Location                                        5
10
     Declaration of Witness                         65
11
     Reporter's Certificate                         66
12
     Witness Letter                                 67
13
     Deposition Errata Sheet                        68
14
     Unsigned Transcript                            69
15
     Attorney's Notes                               70
16
17
18                        --o0o--
19
20
21
22
23
24
25
                                                      2
```

```
 1                        APPEARANCES:

 2

 3    FOR THE PLAINTIFFS:

 4         LAW OFFICES OF JOHN L. BURRIS
           Airport Corporate Centre
 5         7677 Oakport Street, Suite 1120
           Oakland, California  94621
 6         (510) 839-5200

 7         BY:  PATRICK M. BUELNA, ATTORNEY AT LAW

 8

 9    FOR THE DEFENDANTS:

10         CITY OF VALLEJO
           CITY ATTORNEY'S OFFICE
11         555 Santa Clara Street
           Vallejo, California 94590
12         (707) 648-4388

13    BY:  KATELYN M. KNIGHT, DEPUTY CITY ATTORNEY

14

15                          --o0o--

16

17

18

19

20

21

22

23

24

25

                                                            3
```

```
 1                    INDEX OF EXHIBITS
 2
         PLAINTIFF'S        DESCRIPTION                PAGE
 3
              1        Rule 26 report                    7
 4                     (88 pages)

 5            2        Deposition transcript of         44
                       Matthew Samida
 6                     (20 pages)

 7

 8                         --oOo--

 9

10

...

25
                                                          4
```

```
 1         Pursuant to Notice of Taking Deposition and on
 2    Wednesday, April 24, 2019, commencing at the hour of
 3    11:09 a.m., at the Offices of John L. Burris,
 4    7677 Airport Corporate Centre, Suite 1120, Oakland,
 5    California, before me, ADRIANA ROBLES, CSR Number 14212,
 6    a Certified Shorthand Reporter and Deposition Officer of
 7    the State of California, there personally appeared:
 8                         JARED ZWICKEY,
 9    called as a witness by the PLAINTIFF, who having been
10    duly sworn by me, to tell the truth, the whole truth,
11    and nothing but the truth, testified as hereinafter set
12    forth.
13
14                           --oOo--
15
16
17
18
19
20
21
22
23
24
25
                                                              5
```

```
 1   was he at the time?  Can you tell me specifically if he
 2   was out there?"  So I think I would need some more
 3   clarification before I jumped that far into it and say
 4   "Well, it had to have come in before the shots."
 5        Q.  I'm not saying it had to, but rather that's one
 6   interpretation of her statement.
 7        A.  Very well could be.  I can understand from your
 8   perspective that's what you would want to present.
 9   Certainly.
10        Q.  It would be, in fact, what we call, plaintiff's
11   set of facts; right?
12        A.  That's correct.
13        Q.  In the sense that plaintiff is alleging that
14   the knife wasn't in his hand and, in fact, although
15   Mr. Ramos might have been hitting or striking
16   Mr. Wilson, I believe it is, he didn't have a knife at
17   the time; right?
18        A.  Once again, I'm sure that's disputed facts
19   because we have an officer who says he absolutely saw a
20   knife, and I'm not saying the officer is truthful or
21   telling a lie.  It's just that the officer said from his
22   perspective so that's disputed fact.  Absolutely.
23        Q.  You're not hear to resolve disputed facts;
24   right?
25        A.  It's not my charge or responsibility.  No.
```

33

```
 1        Q.  And from plaintiff's -- strike that.
 2            And the fact two other officers testified that
 3   they didn't see a knife in Mr. Ramos's hand would
 4   corroborate plaintiff's story from plaintiff's
 5   perspective?
 6        A.  Not necessarily.  When you look at their
 7   statements, Officer Samida basically says that he didn't
 8   see a knife in his hand, but he couldn't see his right
 9   hand.  That doesn't mean he didn't have one.
10        Q.  Officer Callinan said explicitly he didn't see
11   an object in Mr. Ramos's hand.
12        A.  He said he didn't.  And Officer Jones basically
13   said that he saw him with double hands hitting him.
14   That's inconsistent with what everybody else said.
15   Doesn't necessarily mean there wasn't a knife because
16   you were at an angle you couldn't see.  No.  I would
17   disagree with your statement.
18        Q.  Would it be fair to say we would have to rely
19   on the credibility of the officer to resolve that;
20   right?
21        A.  I think you're going to have to rely on all the
22   facts and circumstances, all of the evidence, before you
23   could jump to the conclusion like that.
24        Q.  Including the credibility of Officer Jacobsen;
25   correct?
```

Barbara J. Butler & Associates - Certified Court Reporters
1659 Scott Blvd., Suite 15, Santa Clara, CA  95050 - (510) 83-BUTLER (28853) or (408) 248-BUTLER (2885)

```
 1      A.  Credibility of his testimony.
 2      Q.  Yes.
 3      A.  From where he was standing, what he saw, what
 4  he believed he saw.  You'll have to rely on what he saw.
 5  I think that's basically what Tennessee v. Gardener and
 6  Grand v. Connor says.  We have to view it from the
 7  officer's perspective, not from a plaintiff's
 8  perspective basically.  We got to look at everything.
 9      Q.  Slight misapplication of the law.
10      A.  Well, I think the reasonable officer standard
11  is still --
12      Q.  I agree completely.
13      A.  Thank you.
14      Q.  But as to -- yeah.  It's okay.
15      A.  I understand.
16      Q.  Okay.  Keep on moving through.
17          MR. BUELNA:  I'm going to take a five-minute
18  break.
19              (Recess was taken.)
20  BY MR. BUELNA:
21      Q.  I'm going to have you flip to page 41.
22      A.  Yes, sir.
23      Q.  I believe this is where we -- or at least some
24  of your opinions start.
25      A.  Uh-huh.
```

35

Barbara J. Butler & Associates - Certified Court Reporters
1659 Scott Blvd., Suite 15, Santa Clara, CA  95050 - (510) 83-BUTLER (28853) or (408) 248-BUTLER (2885)

DEPOSITION OF JARED ZWICKEY (Evans v. Vallejo)

1    Q.  And I'm just going to read actually from --
2  starting at the second paragraph of your opinions in the
3  bold.
4        It says "Officer Jacobsen reasonably believed
5  Deshon Wilson's life was in imminent danger of death or
6  great bodily injury when the decedent was seen hovering
7  over Deshon Wilson while assaulting him with what
8  appeared to be a knife in his hand."
9        Now, let me ask you a quick question.  Which
10 is, you would agree that officers would not be permitted
11 to use deadly force if they were simply breaking up a
12 fistfight; right?
13   A.  Depends on the facts and circumstances of that
14 fistfight.
15   Q.  Let's say, for example, two persons got in a
16 fight and they exchanged maybe one or two blows -- one
17 or two punches, an officer wouldn't be able to shoot one
18 of them correct?  Wouldn't be permitted?
19   A.  Not just based on what you're telling me.  No.
20   Q.  Hypotheticals are how experts get paid.  I'm
21 going to get my money's worth and ask you hypotheticals.
22   A.  Sure.
23   Q.  For example, if in this situation Officer
24 Jacobsen did not, in fact, see a knife in Mr. Ramos's
25 hand but rather just saw him punching Mr. Wilson in the

36

1   face, you'd agree that he wasn't permitted to use deadly
2   force at that time?
3        A.   I would agree that if he didn't reasonably
4   believe he was armed with a knife -- because initially
5   you have to see the knife -- but if he reasonably
6   believed it was a knife in his hand -- that he could use
7   deadly force, but if he didn't see a knife at all, all
8   he saw was a fistfight and it didn't appear that Deshon
9   was in jeopardy of losing his life or suffering great
10  bodily injury, under those circumstances of your
11  hypothetical, no.
12       Q.   And in taking plaintiff's set of facts again,
13  plaintiff is, in fact, alleging what you just described,
14  that Mr. Ramos was not armed with a knife and as such
15  that no reasonable officer could perceive that he was
16  armed with a knife so that when Mr. Jacobsen shot, it
17  was an unreasonable use of force.
18       Do you understand that?  What I said is a
19  little bit compound.
20       MS. KNIGHT:  I was about to jump in with an
21  objection.
22       THE WITNESS:  I think I know where you're going
23  with it.  Once again, as I answered in your previous
24  hypothetical, if he didn't see a knife, but he
25  reasonably believed it was a knife in his hand, that's

37

Barbara J.Butler & Associates - Certified Court Reporters
1659 Scott Blvd., Suite 15, Santa Clara, CA  95050 - (510) 83-BUTLER (28853) or (408) 248-BUTLER(2885)

```
 1                    CERTIFICATE OF REPORTER

 2           I, ADRIANA P. ROBLES, a Certified Shorthand
     Reporter, holding a valid and current license issued by
 3   the State of California, CSR No. 14212, duly authorized
     to administer oaths, do hereby certify:
 4           That the witness in the foregoing deposition
     was administered an oath to testify to the whole truth
 5   in the within-entitled cause; that said deposition was
     taken down by me in shorthand at the time and place
 6   therein stated and thereafter transcribed into
     typewriting, by computer, under my direction and
 7   supervision.
             Should the signature of the witness not be
 8   affixed to the deposition, the witness shall not have
     availed himself of the opportunity to sign or the
 9   signature has been waived.
             I further certify that I am neither counsel
10   for nor related to any party in the foregoing
     depositions and caption named nor in any way interested
11   in the outcome thereof.

12

13

14

15

16   DATED: May 7th, 2019.

17

18

19   __/Adriana P. Robles_____
     ADRIANA P. ROBLES
20   California Certified Shorthand Reporter 14212

21

22

23

24

25
                                                          66
```