**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY:  KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687
Email: katelyn.knight@cityofvallejo.net

Attorneys for Defendant ZACH JACOBSEN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ANNICE EVANS, individually and as Successor in Interest to Decedent ANGEL RAMOS; DANTE RAMOS, in his individual capacity; PHILLIP WILSON-VAUGHN, in his individual capacity; LEANN SANCHEZ, in her individual capacity; DARCEL LEWIS, in his individual capacity; D.W., by and through his Guardian Ad Litem, CARITA WILSON; and ALICIA SADDLER, individually and as Guardian Ad Litem for minor G.W., <br><br>            Plaintiffs,<br>    vs.<br><br>CITY OF VALLEJO; a municipal corporation; ZACK JACOBSEN, Police Officer for the City of Vallejo; and DOES 1-50, individually and in their official capacities as Police Officers for the City of Vallejo, inclusive,<br><br>            Defendants. | Case No: 2:17-cv-01619-TLN-AC<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO CERTIFY APPEAL AS FRIVOLOUS**<br><br>Date:    February 10, 2022<br>Time:   2:00 p.m.<br>Crtrm:  2 |

# TABLE OF CONTENTS

I.     INTRODUCTION AND BACKGROUND ........................................................................ 2

II.    ARGUMENT ...................................................................................................................... 3

        A.     Legal Standard ........................................................................................................ 3

        B.     Defendant's Appeal is Not Frivolous Because it is Not Based on Disputed Facts—Officer Jacobsen is Entitled to Qualified Immunity Under the Facts Alleged by Plaintiff, Making all Reasonable Inferences in Plaintiff's Favor ............. 4

III.   CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S 738 (1967)............................................................................... 6

*Barnes v. City of Pasadena*, 508 Fed. Appx. 663 (9th Cir. 2013) ............................................. 8

*Beaver v. City of Fed. Way, No. CV05-1938MJP*, 2006 WL 3203729 ..................................... 6

*Castro v. Melchor*, 760 F. Supp. 2d 970 .................................................................................. 5

*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992) .................................................................... 5

*Eisho Suzuki v. Cty. of Contra Costa*, 2019 U.S. Dist. LEXIS 166179 ..................................... 5

*Hunter v. Bryant*, 502 U.S. 224 (1991)................................................................................... 5

*Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938 (9th Cir. 2017)..................................... 5 , 6

*J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651......................................................... 5

*Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001)....................................................................... 9

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018)................................................................................ 8

*Knox v. Southwest Airlines*, 124 F.3d 1103 (9th Cir. 1997) .................................................. 5, 6

*Liston v. Cnty. of Riverside*, 120 F.3d 965 (9th Cir. 1997) ...................................................... 6

*Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996)...................................................................... 5

*Marquez v. Gutierrez*, 322 F.3d 689 (9th Cir. 2003) ............................................................... 9

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ............................................................................... 5

*Nehad v. Zimmerman*, 2017 U.S. Dist. LEXIS 208537 (S.D. Cal. 2017)................................... 8

*Neitzke v. Williams*, 490 U.S. 319 (1989) ............................................................................... 6

*Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020)............................................................ 8

*Petersen v. Lewis City*, 697 Fed. Appx. 490 (9th Cir. 2017) .................................................... 8

*Scott v. Harris*, 550 U.S. 372 (2007) ...................................................................................... 8

*United States v. Kitsap Physicians Serv.*, 314 F.3d 995 (9th Cir. 2002) ................................. 4, 6

*Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010) .................................................................. 8

# I.

## INTRODUCTION AND BACKGROUND

This case arises from an officer-involved shooting where Officer Jacobsen perceived an imminent threat to a third party and took quick action to save him.  On January 23, 2017, officers responded to multiple 911 calls reporting fighting, yelling, and screaming for help.  On arrival, Officer Jacobsen looked up at the second story balcony and saw several people fighting and yelling.  He also saw a male in the kitchen immediately off the balcony holding a knife at shoulder level and trying to get to someone while another man held him back.  Officer Jacobsen broadcasted through his police radio that he saw a man with a knife fighting in the kitchen.  Seconds later, Angel Ramos came out of the kitchen, crossed the balcony, got on top of Deshon Wilson, and made a rapid downward motion toward Wilson with his first.  Officer Jacobsen saw a knife in Ramos' hand and fired four shots in quick succession.  Of the two officers standing nearby to Jacobsen, one perceived that Ramos was making a clear stabbing motion with his hand, while the other perceived it as a punching motion.  The facts are largely undisputed, however Plaintiff asserts that there was no knife in Angel Ramos' hand, and that Officer Jacobsen saw a different individual in the kitchen with a knife shortly before the shooting.

Defendant filed a motion for summary judgment on several grounds, including that he is entitled to qualified immunity under the facts put forth by Plaintiff, making all reasonable inferences in Plaintiffs' favor.  On December 9, 2021, the Court issued an order granting in part and denying in part the motion, and specifically denying qualified immunity on the grounds that summary judgment is precluded by disputes of fact.  Officer Jacobsen filed an interlocutory appeal of the denial of qualified immunity.

Plaintiff now seeks to certify that appeal as frivolous, arguing that the order is not subject to interlocutory appeal because it is based on the existence of factual disputes.  An appeal can be certified as frivolous only where the Court determines that the appeal is wholly without merit.  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir.

2002).  Here, Plaintiffs' motion should be denied because factual disputes do not preclude a grant of qualified immunity, or interlocutory appeal from a denial of qualified immunity.  *See Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017).  Officer Jacobsen is entitled to qualified immunity based on the undisputed facts of this case, resolving all factual disputes and making all inferences in Plaintiffs' favor.  The denial of qualified immunity rests on a pure question of law and is an appropriate matter for interlocutory appeal.

## II.

## ARGUMENT

### A.     Legal Standard

The Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  Because qualified immunity "is an immunity from suit rather than a mere defense to liability" and is effectively lost if a case is permitted to proceed to trial erroneously, summary judgment orders denying qualified immunity are subject to a right of interlocutory appeal.  *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

Appeal from an order denying qualified immunity generally divests the district court of jurisdiction to proceed to trial, however a narrow exception to this rule exists where the court certifies that the appeal is frivolous or has been waived.  *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  It is not sufficient that the Court believes the underlying decision was correct or that the appeal has a very remote likelihood of success.  *See* e.g., *Eisho Suzuki v. Cty. of Contra Costa*, 2019 U.S. Dist. LEXIS 166179 at *2 (N.D. Cal. Sept. 25, 2019)("[A] district court's belief that parties are unlikely to prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous."); *Castro v. Melchor*, 760 F. Supp. 2d 970, 1002 (D. Haw. 2010) (declining to certify appeal as frivolous despite belief that the determination of qualified immunity depended on disputed questions of fact); *J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651, at *2 (N.D. Cal. Aug. 13, 2018) ("While the Court disagrees with the County Defendants as to the characterization and substance of the constitutional arguments

underlying their qualified immunity claim, such disagreement does not meet the demanding standard for certifying an appeal as frivolous...")  An appeal is frivolous only where the court determines that the appeal is so baseless that its filing does not invoke appellate jurisdiction. *See Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)(appeal is frivolous if it is "wholly without merit").  Thus, an appeal cannot be certified as frivolous if any of the legal points are arguable on their merits.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), citing *Anders v. California*, 386 U.S.738, 744 (1967).

**B.     Defendant's Appeal is Not Frivolous Because it is Not Based on Disputed Facts— Officer Jacobsen is Entitled to Qualified Immunity Under the Facts Alleged by Plaintiff, Making all Reasonable Inferences in Plaintiff's Favor**

 "[T]he existence of a genuine dispute about the reasonableness of an officer's use of force does not preclude granting qualified immunity or eliminate any basis for an immediate appeal of denial of qualified immunity." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017).  An officer can be denied qualified immunity at summary judgment in a Section 1983 case only if the facts alleged, taken in the light most favorable to Plaintiff, show that the officer's conducted violated a constitutional right, and that that right was clearly established.  *Id.*  "Either prong can be adjudicated on appeal by taking the facts as most favorable to the plaintiffs and applying the pertinent legal standards to those facts." *Id.*  "**Even if disputed facts exist about what actually occurred, a defendant may still file an interlocutory appeal if the defendant's alleged conduct in any event met the standard of objective legal reasonableness under clearly established law regarding the right allegedly infringed**." *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997).

The Plaintiff in this action argues that Officer Jacobsen's appeal is frivolous because the district court's denial was premised on triable issues of fact, however Officer Jacobsen is entitled to qualified immunity based on the version of facts presented by Plaintiff, and the court did not identify any factual disputes in its discussion of qualified immunity.  In denying qualified immunity, the court stated:

> Defendants argue even if Jacobsen's conduct violated Ramos's
> Fourth Amendment rights, qualified immunity protects him from

> liability. (ECF No. 38 at 18–19.) The Court has determined the record contains sufficient evidence to raise a triable issue as to whether Jacobsen's conduct constituted excessive force in violation of the Fourth Amendment. As such, "[s]ummary judgment in favor of the Defendants is improper because where there are factual disputes as to the parties' conduct or motives, qualified immunity cannot be resolved at summary judgment and the case must proceed to trial." *Beaver v. City of Fed. Way, No.CV05-1938MJP*, 2006 WL 3203729, at *3 (W.D. Wash. Nov. 3, 2006); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 975 (9th Cir. 1997)(finding summary judgment for defendants improper where a genuine issue of material fact prevents a determination of qualified immunity).

(Dkt 54 at 12:27-13:8.) Earlier in its order, the court found that the material facts were largely undisputed (Dkt 54 at 2, n.1), but identified three material disputes: (1) whether the officers announced themselves and gave commands to stop fighting on arrival (Dkt 54 at 2:16-21); (2) whether Officer Jacobsen saw Angel Ramos or his brother Dante Ramos (who is shorter and was wearing different clothes) in the kitchen with a knife moments before the shooting (Dkt 54 at 2:22-3:3), and (3) whether Angel Ramos had a knife in his hand when he positioned his body over Wilson (Dkt 54 at 3:10-17). The court also noted that Officer Jacobsen incorrectly described the individual in the kitchen wielding a knife as black rather than Hispanic, but that fact was undisputed. (Dkt at 11:7-12.)

Importantly, Plaintiff did not dispute that Officer Jacobsen was responding to multiple 911 calls reporting individuals fighting, yelling, and screaming for help (Dkt 43-1, UMF #2-4), that dispatch broadcast fighting with weapons (Dkt 43-1, UMF #5), the balcony deck where Ramos got on top of Wilson was dimly lit (Dkt 43-1, UMF #11), that Officer Jacobsen saw several individuals on the balcony screaming and fighting each other when they arrived (Dkt 43-1, UMF #13), that Officer Jacobsen saw a male subject in the kitchen holding a knife and trying to get to someone out of sight seconds before the shooting ((Dkt 43-1, UMF #17, 21, 30), that the individual appeared to be extremely angry and was being held back by someone (Dkt 43-1, UMF #18), that Officer Jacobsen contemporaneously broadcast over his police radio that there was a man with a knife fighting a guy upstairs (Dkt 43-1, UMF #19), the kitchen door swung shut, then Angel Ramos ran from the kitchen and got on top of Wilson approximately 10-12 seconds later and made a downward motion with his fist ((Dkt 43-1,

1  UMF #21, 30-31), Officer Jacobsen observed all of this from the ground level looking up at the
2  second story balcony and fired his weapon at Angel Ramos, striking and killing him (Dkt 43-1,
3  UMF #24, 32).  Officer Callinan perceived Angel Ramos' motion to be a stabbing motion and
4  believed he had a knife, though Officer Callinan did not see a blade, while Officer Samida
5  described the motion as a punching motion.  (Dkt 43-1, UMF #33-43.)

6  Officer Jacobsen's appeal is not premised on resolution of any disputed facts in his
7  favor.  Instead, Officer Jacobsen is entitled to qualified immunity, resolving all factual disputes
8  in Plaintiff's favor and making all reasonable inferences in Plaintiff's favor.  At the summary
9  judgment stage, once the Court has determined the relevant facts and drawn all inferences in
10 favor of the nonmoving party to the extent supportable by the record, the reasonableness of an
11 officer's actions presents a pure question of law.  *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007).
12 And an officer is entitled to qualified immunity unless existing precedent squarely governs the
13 specific facts at issue.  *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018).  As discussed in
14 Defendant's motion for summary judgment, Officer Jacobsen's conduct under the facts
15 presented by Plaintiff would not violate clearly established law.  To the contrary, existing case
16 law strongly suggests that use of deadly force under the circumstances at issue in this case
17 would be considered reasonable and not violate the Constitution.  *See, e.g., Nehad v.*
18 *Zimmerman*, 2017 U.S. Dist. LEXIS 208537 (S.D. Cal. 2017)(officer's use of deadly force was
19 objectively reasonable where the officer responding to a call of a man threatening an individual
20 with a knife and subsequently made contact with an individual meeting the suspect's
21 description in a dark alley, who began advancing on the officer while holding a shiny metallic
22 object in his hand, which was later discovered to be a pen); *Petersen v. Lewis City*, 697 Fed.
23 Appx. 490 (9th Cir. 2017)(qualified immunity granted where the officer responded to a report
24 of a man who stabbed the door of a mobile home with a knife, encountered a man matching the
25 suspect's description on arrival, and shot the man after he paced with his hand in his pocket
26 and ignored commands); *Kisela v. Hughes*, 138 S. Ct. 1148 (2018)(officer entitled to qualified
27 immunity where officers responded to reports of a woman hacking at a tree with a kitchen
28 knife and saw Ms. Hughes walk towards another woman with a kitchen knife in her hand and

1   stop approximately six feet away from her).          Further, the key question in evaluating the
2   reasonableness of an officer's conduct is whether the officer had an objectively reasonable
3   basis for believing a suspect posed a threat of serious physical harm—not whether the officer
4   was correct in that belief in hindsight.  *See Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th
5   Cir. 2020) (citing *Ryburn v. Huff*, 565 U.S. 469, 474 (2012)); *see also Barnes v. City of
6   Pasadena*, 508 Fed. Appx. 663, 665 (9th Cir. 2013)("even if an issue of fact existed about the
7   presence of a gun, the determinative issue was whether the officers reasonably believed Barnes
8   had a gun and posed an immediate threat to safety."); *Wilkinson v. Torres*, 610 F.3d 546 (9th
9   Cir. 2010)(officer did not violate constitutional rights where he shot and kicked a suspect based
10  on perception that the suspect ran over another officer with his vehicle, even though the second
11  officer had merely fallen and gotten out of the way); *Marquez v. Gutierrez*, 322 F.3d 689 (9th
12  Cir. 2003)(holding that a prison guard was entitled to qualified immunity where he shot an
13  inmate who he believed was kicking the head of another inmate during a prison fight, despite
14  testimony by the plaintiff and a witness that the officer shot the wrong person).  Under the facts
15  presented by Plaintiff Evans, as well as the facts that Plaintiff agrees are not in dispute, and
16  making all reasonable inferences in her favor, there was a sufficient basis for Officer Jacobsen
17  to believe Ramos posed a threat of serious physical harm and existing precedent did not put
18  Officer Jacobsen on notice that using deadly force would violate Ramos' rights.  Because
19  Officer Jacobsen is entitled to qualified immunity under the facts presented by Plaintiff, the
20  court's denial of immunity is subject to interlocutory appeal.  *See Jeffers v. Gomez*, 267 F.3d
21  895, 905-6 (9th Cir. 2001)("From Behrens and its progeny we conclude that we may consider
22  the legal question whether, taking all facts and inferences therefrom in favor of the plaintiff,
23  the defendant nevertheless is entitled to qualified immunity as a matter of law").

### III.
### CONCLUSION

26  For all of the reasons discussed herein, Defendant respectfully requests that the Court
27  deny Plaintiff's motion to certify appeal as frivolous.
28

DATED: January 27, 2022                    Respectfully submitted,

                                               __*/s/ Katelyn M. Knight*_____
                                               KATELYN M. KNIGHT
                                               Assistant City Attorney
                                               Attorney for Defendant ZACH JACOBSEN

<u>PROOF OF SERVICE</u>

*Evans, et al. v. City of Vallejo, et al.*
**USDC, EDCal., Case No. 2:17-cv-01619-TLN-AC**

I am over the age of 18 and not a party to the within entitled action. I am employed as a Paralegal for the City Attorney's Office, City of Vallejo and my business address is City Hall, 555 Santa Clara Street, Vallejo, California 94590.

On the date set forth below, I served the document(s) herein on all interested parties to said action by the following means:

\_\_\_\_  **BY MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, at the Office of the City Attorney, City of Vallejo, City hall, 555 Santa Clara Street, Vallejo, CA 94590, addressed as shown below. I am readily familiar with the City government's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the United States Postal Service on that same day it was placed for collection and processing, with postage thereon fully prepaid, in the ordinary course of business. Said envelope was addressed to the parties as shown below.

\_\_\_\_\_  **BY PERSONAL SERVICE:** By causing a true copy thereof to be delivered by hand to the office of the person(s) as shown below.

\_\_\_\_\_  **BY OVERNIGHT MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the City Attorney, to be delivered by express delivery to the address(es) as shown below.

\_\_\_\_\_  **BY FACSIMILE TRANSMISSION:** By transmitting a true copy thereof by facsimile transmission from facsimile number (707) 648-4687, to the name(s) and facsimile number(s) of the person(s) as shown below.

**XX**  **BY ELECTRONIC TRANSMISSION:** By sending a true copy thereof via e-mail to the person(s) at the e-mail address(es) as shown below. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

<u>DOCUMENT(S) SERVED</u>: **DEFENDANT'S OPPOSITION TO MOTION TO CERTIFY THE INTERLOCUTORY APPEAL AS FRIVOLOUS**

<u>ADDRESSEE(S)</u>: **SEE ATTACHED**

I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on this 27th day of January 2022, at Vallejo, California.


*/s/ Laurie Lavender*
LAURIE LAVENDER

---

**PROOF OF SERVICE**
**-1-**

<u>PROOF OF SERVICE</u>

*Evans, et al. v. City of Vallejo, et al.*
USDC, EDCal., Case No. 2:17-cv-01619-TLN-AC

**\*\*ATTACHMENT\*\***

| | |
|---|---|
| **ADANTE POINTER, ESQ., SBN 236229**<br>**PATRICK BUELNA, ESQ., SBN 317043**<br>**POINTER & BUELNA, LLP LAWYERS FOR THE**<br>**PEOPLE**<br>**155 Filbert Street, Suite 208**<br>**Oakland, CA 94607**<br>**LAWYERSFTP.COM**<br>**Tel: 510-929-5400**<br>**Email:**<br>**apointer@lawyersftp.com**<br>**pbuelna@lawyersftp.com**<br>**aalexander@lawyersftp.com**<br>**tyclarke@lawyersftp.com.** | *Counsel for Plaintiffs* |