UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNICE EVANS, individually and as Successor in Interest to Decedent Angel Ramos; DANTE RAMOS; PHILLIP WILSON-VAUGH; LEANN SANCHEZ; DARCEL LEWIS; D.W., by and through his Guardian Ad Litem, CARITA WILSON; ALICIA SADDLER, individually and as Guardian Ad Litem for minor G.W., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO; a municipal corporation; ZACH JACOBSEN, Police Officer for the City of Vallejo; and Does 1–50, individually and in their official capacities as Police Officers for the City of Vallejo, inclusive, <br><br> Defendants. | No.  2:17-cv-01619-TLN-AC <br><br> **ORDER** |

This matter is before the Court on Annice Evans' ("Evans" or "Plaintiff") Motion to Certify Zach Jacobsen's ("Jacobsen" or "Defendant") Interlocutory Appeal as Frivolous. (ECF No. 58.) Defendant filed an opposition (ECF No. 61), and Plaintiff replied (ECF No. 63). For the reasons set forth below, the Court hereby certifies Defendant's appeal as frivolous and the Motion is GRANTED.

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises from an officer-involved shooting that took place on January 23, 2017. (ECF No. 54 at 2.) A dispute arose at a gathering with Alicia Saddler, Phillip Wilson-Vaugh, LeAnn Sanchez, Dante Ramos, Darcel Lewis, minors G.W. and D.W., and decedent Angel Ramos ("Ramos") (collectively, "Plaintiffs"). (*Id.* at 2,4.) Officers from the Vallejo Police Department arrived, and following a disputed series of events, Officer Jacobsen shot Ramos, who died on the scene. (*Id.* at 2–3.)

On August 3, 2017, Plaintiffs filed the complaint in this action. (ECF No. 1.) On September 13, 2018, Evans and D.W. filed the first amended complaint. (ECF No. 23.) On May 2, 2019, Defendants City of Vallejo ("City") and Jacobsen (collectively, "Defendants") filed a Motion for Summary Judgement. (ECF No. 38.) On December 9, 2021, this Court granted in part and denied in part the motion for summary judgment. (ECF No. 54.) On December 16, 2021, Jacobsen filed a Notice of Appeal for the qualified immunity claim this Court denied on summary judgment. (ECF No. 55.) The Court denied summary judgment because "the record contains sufficient evidence to raise a triable issue as to whether Jacobsen's conduct constituted excessive force in violation of the Fourth Amendment." (ECF No. 54 at 12–13 (internal citation omitted).) Thus, the Court held "[s]ummary judgment in favor of the Defendants is improper because where there are factual disputes as to the parties' conduct or motives, qualified immunity cannot be resolved at summary judgment and the case must proceed to trial." (*Id.* at 13.)

On January 4, 2022, Plaintiff filed a Motion to Certify Interlocutory Appeal as Frivolous. (ECF No. 58.) On January 27, 2022, Defendant opposed. (ECF No. 61.) On February 3, 2020, Plaintiff replied. (ECF No. 63.)

II.    **STANDARD OF LAW**

Pursuant to 28 U.S.C. § 1291, "circuit courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgement." *Centeno v. City of Fresno*, No. 1:16-cv-00653-DAD-SAB, 2018 WL 1305764, at *1 (E.D. Cal. Mar. 13, 2018). However, there

---

[1] These facts are sometimes taken, in verbatim, from Plaintiffs' first amended complaint. (ECF No. 54.)

1  is an exception if the movant was denied summary judgement on qualified immunity grounds.
2  *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017) (citation omitted).  The
3  exception exists because qualified immunity is "an immunity from suit rather than a mere defense
4  to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to
5  go to trial."  *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985).  Consequently, a circuit court has
6  jurisdiction over an interlocutory appeal to "review a denial of qualified immunity where a
7  defendant argues . . . that the facts, even when considered in the light most favorable to the
8  plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly
9  established in law."  *Isayeva*, 872 F.3d at 945.  Accordingly, to present a reviewable issue with
10 respect to qualified immunity on interlocutory appeal, "[t]he officials must present the appellate
11 court with a legal issue that does not require the court to consider the correctness of the plaintiff's
12 version of the facts . . . ."  *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003).
13 (internal quotations and citations omitted).

14        Typically, an interlocutory appeal of an order denying qualified immunity on summary
15 judgment "divests the district court of jurisdiction to proceed with trial, unless the district court
16 certifies in writing that the appeal is frivolous, in which case it may proceed with trial."  *Centeno*,
17 2018 WL 1305764, at *1 (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  "An
18 appeal is frivolous if the results are obvious, or the arguments are wholly without merit."  *Id.*
19 (quoting *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)) (citations
20 omitted).  In other words, "the appeal must be so baseless that it does not invoke appellate
21 jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other
22 side."  *Schering Corp. v. First DataBank, Inc.*, No. C 07–01142 WHA, 2007 WL 1747115, at *3
23 (N.D. Cal. June 18, 2007) (internal quotations and citation omitted).

24        **III.    ANALYSIS**

25        Plaintiff argues Defendant's interlocutory appeal is frivolous because "district court orders
26 denying qualified immunity on the basis of remaining material factual disputes are not 'final,'
27 appealable orders."  (ECF No. 58 at 2.)  In opposition, Defendant argues "factual disputes do not
28 preclude a grant of qualified immunity, or interlocutory appeal from a denial of qualified

1    immunity." (ECF No. 61 at 5.)  Defendant contends he is entitled to qualified immunity based on
2    the undisputed facts of the case.  (*Id.*)  In reply, Plaintiff argues the appeal is frivolous either
3    because (1) the Court needs to resolve disputes of fact or (2) because the law clearly establishes
4    that police officers may not use deadly force on an unarmed person without verbal warnings.
5    (ECF No. 63 at 4.)  The Court will first consider if the order denying qualified immunity (ECF
6    No. 54) is appealable.  Then, the Court will consider if the interlocutory appeal is frivolous.

7         Plaintiff argues the denial of qualified immunity is not subject to interlocutory appeal
8    because a genuine issue of material fact exists.  (ECF No. 58 at 5.)  In opposition, Defendant
9    argues he is entitled to qualified immunity based on the facts Plaintiff presented.  (*See* ECF No.
10   61 at 6.)  Further, Defendant contends the Court did not identify any factual disputes in its
11   discussion of qualified immunity.  (*Id.*)  In reply, Plaintiff argues the Court must take all facts in
12   Plaintiff's favor, and the facts show "Defendant Jacobsen shot Angel Ramos without verbal
13   warning because he was in a fistfight."  (ECF No. 63 at 2.)

14        "[T]he Supreme Court explained that any 'portion of a district court's summary judgment
15   order that, though entered in a "qualified immunity" case, determines only a question of
16   "evidence sufficiency," *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is
17   not appealable.'"  *Estate of Anderson v. Marsh*, 985 F.3d 726, 730–731 (9th Cir. 2021) (quoting
18   *Johnson v. Jones*, 515 U.S. 304, 313 (1995)).  "By contrast, any portion of a summary judgment
19   order that turns on 'the application of "clearly established" law to a given (for appellate purposes
20   undisputed) set of facts' is immediately appealable."  *Id.* at 731 (quoting *Johnson*, 515 U.S. at
21   313).

22        "A defendant may appeal a district court's denial of qualified immunity on the basis that
23   his conduct did not violate clearly established law, so long as the defendant assumes the
24   plaintiff's version of the facts."  *Craig v. Orange*, No.: SACV 17-00491-CJC (KESx), 2019 WL
25   12377861, at *2 (C.D. Cal. Apr. 1, 2019) (citing *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d
26   938, 945–946 (9th Cir. 2017)).  "District courts have certified appeals of qualified immunity as
27   frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version
28   of the facts, or (2) where defendants' legal arguments run afoul of clearly established law."

4

*Henderson v. City of Torrance*, No. CV 18-3918-MWF (Ex), 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021).

In this Court's order denying summary judgement in part, it held "the record contains sufficient evidence to raise a triable issue as to whether Jacobsen's conduct constituted excessive force in violation of the Fourth Amendment." (ECF No. 54 at 13.) The Court reasoned summary judgment on the basis of qualified immunity is improper where "there are factual disputes as to the parties' conduct or motives . . . ." (*Id.*) (internal citations omitted). In arguing for appeal, Defendant claims he is entitled to qualified immunity "resolving all factual disputes in Plaintiff's favor . . ." because "there was a sufficient basis for Officer Jacobsen to believe Ramos posed a threat of serious physical harm and existing precedent did not put Officer Jacobsen on notice that using deadly force would violate Ramos' rights." (ECF No. 61 at 8–9.) However, if Defendant viewed the facts in Plaintiff's favor, "Defendant Jacobson shot Angel Ramos without verbal warning because he was in a fistfight." (ECF No. 63 at 2.) Defendant cannot claim Jacobsen is "entitled to qualified immunity based on the undisputed facts of this case" (ECF No. 61 at 5) as it "merely highlights the fact that [Defendant] purport[s] to but do[es] not actually accept Plaintiff's version of events." *Henderson*, 2021 WL 3185479, at *4.

Thus, as this Court already made clear in its order denying summary judgment, Defendant raises factual disputes. (ECF No. 54.) Such disputes are improper to raise on appeal. *See Vargas v. Cnty. of L.A.*, No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *5 (C.D. Cal. May 5, 2021) ("Defendants argue that the facts are not in dispute, and then declare that the Court erred in drawing inferences in Plaintiff's favor. These are not legal issues . . . Defendants' arguments are not appropriate on an interlocutory appeal of qualified immunity."); *Craig*, 2019 WL 12377861, at *2–3 (granting plaintiff's motion to certify appeal as frivolous because defendant's arguments raised genuine disputes of material fact).

Therefore, the Court finds the order denying qualified immunity cannot be appealed as there remain facts in dispute. Accordingly, the Court finds the appeal is frivolous for "factual issues genuinely in dispute preclude summary adjudication of the qualified immunity defense." *Shay v. Cnty. of L.A.*, No. 2:15-CV-04607-CAS (RAOx), 2019 WL 5173769, at *3 (C.D. Cal.

Oct. 10, 2019) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011)) (internal citation omitted); *see also Ramirez v. Cnty. of L.A.*, 397 F. Supp. 2d 1208, 1230 (C.D. Cal. 2005) (finding appeal frivolous where "the evidence in the record, viewed in a light most favorable to the party claiming injury, establishes at the very least that genuine issues of material fact remain as to whether those clearly established rights have in fact been violated").

Therefore, the Court finds the appeal is frivolous and GRANTS Plaintiff's motion.

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant's appeal is frivolous.  (ECF No. 58.)  Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Petition to Certify Defendant's Appeal as Frivolous (ECF No. 58) is GRANTED;
2. The Court certifies Defendant's appeal (ECF No. 55) as frivolous; and
3. The Clerk of the Court is DIRECTED to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

**DATED: June 13, 2022**

Troy L. Nunley
United States District Judge